IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   03-cv-00636-WDM-PAC

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff(s),

v.

CARTER ALLEN JONES, et al.,

     Defendant(s).

_____

## ORDER CONCERNING CARTER ALLEN JONES
_____

     This matter is before me on Plaintiff's Renewed Motion to Enter Final Judgment Setting Disgorgement and Penalty against Defendant Carter Allen Jones, filed April 27, 2005.  By order dated March 31, 2005, (Doc. No. 112) I declined to order disgorgement or impose civil penalties with regard to the defaulting defendant, Carter Allen Jones (Jones).  With its new filing, plaintiff seeks to cure the failings which prevented me from entering such an order previously.  I address disgorgement and penalty claims sequentially.

<u>Disgorgement</u>

     Disgorgement is an equitable remedy designed, not to punish, but rather to prevent unjust enrichment or deprive the violator of improper gains.  *See SEC v. Banner Fund Int'l,* 211 F.3d 602, 617 (D.C. Cir. 2000); *SEC v. First Jersey Sec.,* 101 F.3d 1450, 1474 (2nd Cir. 1996).  Initially plaintiff sought to force disgorgement of the

difference between stock or warrants acquired at $.50 per share and the amounts they

sold for which generated net proceeds of $119,900 (Exhibit 1, affidavit of Michele

Lama).  According to the complaint, however, the Freedom Golf stock had appreciated

to approximately $.74 per share before defendant Jones initiated the fraudulent

promotional campaign prior to the sale at an inflated price.  I conclude that that is a

more legitimate comparison, namely the difference between the price of the shares had

the defendant not undertaken his scheme to inflate the price.  *See SEC v. Dilzerian*, 29

F.3d 689, 697 (D.C. Cir. 1994).  According to plaintiff's expert Lama, calculation would

result in a net profit to Jones of $68,540 which would be the appropriate disgorgement,

together with prejudgment interest.  Prejudgment interest through March 31, 2005,

would be $24,670, resulting in a total judgment of $93,210.  *See* Exhibit 5 to Plaintiff's

Renewed Motion to Enter Final Judgment Setting Disgorgement and Penalty against

Defendant Carter Allen Jones.

<u>Penalty</u>

Plaintiff seeks a "Third Tier" penalty under 15 U.S.C. § 77t(d), increased to

$110,000 pursuant to 17 CFR, Subpart E, Part 201, § 201.1001.  Third Tier punishment

is applicable when the violation involved fraud, deceit, manipulation and resulted in

substantial losses or created significant risk of substantial loss of two other persons. 15

U.S.C. § 77t(d)(2)(C)(I)(II).

As to defendant Carter Allen Jones, plaintiff's complaint alleges fraud, deceit,

manipulation and other reckless conduct which directly resulted in substantial losses to

other persons.  This included Jones knowing the true state of Freedom Golf's finances

while making incredible projections without any foundation in fact including bulk e-mails sent out to thousands of online subscribers.  These e-mails contained false financial information, failed to disclose the company's then financial condition and failed to disclose his own self interest in receiving warrants and shares as compensation for his promotions.  As a beneficiary of this manipulation defendant Jones sold stock for significant profits.   All of these allegations are accepted as true, given defendant Jones's  default.  I find it appropriate to impose the maximum penalty for such a "pump-and-dump" scheme in the amount of $110,000.  *See SEC v. Poirier*, 140 F.Supp. 2nd 1033, 1048-49 (D.Ariz. 2001).

Accordingly, it is ordered:

1.   Plaintiff's renewed motion to enter final judgment (Docket No. 122) is granted;

2.   Judgment shall enter against defendant Carter Allen Jones in the amount of 203,210, which represents disgorgement of $68,540, prejudgment interest of $24,670, as of March 31, 2005, and a civil penalty of $110,000;

3.   The judgment shall be *nunc pro tunc* to March 31, 2005;

4.   Plaintiff is entitled to post-judgment interest at the statutory rate; and

5.   Plaintiff may have its costs.

DATED at Denver, Colorado, on January 31, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge