IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   03-cv-00636-WDM-PAC

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff(s),

v.

JONATHAN CURSHEN, et al.,

    Defendant(s).

_____

**ORDER**
_____

This matter is before me on defendant Jonathan Curshen's Motion to Dismiss for Lack of Personal Jurisdiction. Following review of the parties' briefs I conclude the motion should be denied.

The parties now agree that, given this is a case where nationwide service of process is permitted, the standard to be applied by whether the plaintiff's choice of forum is fair and reasonable to the defendant in accordance with Fifth Amendment standards determining if the burden upon the defendant is significantly inconvenient in a constitutional sense. *Peay v. Bell S. Med. Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000). *Peay* identifies several factors to be considered but notes that it will be "highly unusual" for any inconvenience to arise to a level of constitutional concern in this era of instant communication and modern transportation. *Id.* at 1212-13.

In making this determination I accept the allegations of the complaint as true to

the extent they are uncontroverted by defendant's evidence.  *Ten Mile Indus. Park v. W. Plain Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987).  Applying those allegations to the *Peay* factors I note that defendant had extensive contact with Colorado through dealings with Gaylan Johnson, President of Freedom Golf, defendant Timothy Miles, and Carter Jones, all located in Colorado.  Defendant Curshen, pursuant to agreement and compensation in the form of stock from Freedom Golf, engaged in nationwide promotion through the Internet, spoke with broker/dealers, published press releases, recommended other promotions, and was generally involved with activities beyond the limits of his then residential state.  In these circumstances, and considering the nationwide nature of the regulated activity of the SEC, one cannot avoid the conclusion that defendant Curshen's activities reached far beyond the borders of his state of residence and were closely connected to Colorado–the situs of Freedom Golf operations.  I also note that defendant has apparently relocated outside of the United States and it would be difficult to measure the convenience of travel in some other forum, given that he must in any event engage in travel and retention of counsel within the United States.

Under these circumstances I conclude that this forum is not unduly inconvenient. In any case, the federal interest served by litigating this regulatory issue in the forum of the business certainly outweighs any inconvenience that may be imposed upon the defendant.

Accordingly, it is ordered that the Motion to Dismiss for Lack of Personal Jurisdiction (docket #146) is denied.

DATED at Denver, Colorado, on February 3, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge