IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00636-WDM-PAC

SECURITIES and EXCHANGE COMMISSION,

    Plaintiff(s),

v.

C. JONES & COMPANY,
CARTER ALLEN JONES,
TIMOTHY J. MILES,
GAYLEN P. JOHNSON, and
JONATHAN CURSHEN,

    Defendant(s).

---

## MINUTE ORDER

### ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN

    IT IS HEREBY **ORDERED** that Plaintiff's Unopposed Motion for Court to Issue Letter Rogatory [filed February 6, 2006; Doc. No. 173] is **GRANTED** as follows:

    The Request for International Judicial Assistance was signed February 8, 2006.

Dated: February 10, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 03-CV-00636-WDM-PAC

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| C. JONES & COMPANY, | ) |
| CARTER ALLEN JONES, | ) |
| TIMOTHY J. MILES, | ) |
| GAYLEN P. JOHNSON, and | ) |
| JONATHAN CURSHEN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

The United States District Court for the District of Colorado presents its compliments to the British Columbia Superior Court in British Columbia, Canada, and requests judicial assistance to compel the attendance of two witnesses at an oral deposition in a civil proceeding before this Court in the above-captioned matter. This Court requests the assistance described herein as necessary in the interests of justice.

### I. Summary of Action

The United States Securities and Exchange Commission ("Commission") filed this action in 2003 in the United States District Court for the District of Colorado. One of the Defendants is Jonathan Curshen. The Commission's Complaint alleges Curshen violated the anti-fraud sections of the federal securities laws through his participation in a pump-and-dump scheme in 2000 to artificially inflate the stock price of Freedom Golf Corporation, a Colorado public company that manufactured and distributed golf equipment.

The Complaint alleges that Freedom Golf hired Curshen, among others, to promote the company and drive up its stock price in early 2000. It further alleges Defendant Timothy Miles paid Curshen by transferring at least 125,000 shares of Freedom Golf stock to an account at Union Securities, a brokerage firm located in Vancouver, British Columbia in the name of Triparoo, S.A. – a Costa Rican nominee Curshen actually controlled. The Commission alleges Curshen touted Freedom Golf stock to the brokerage community and directly to investors through telephone calls and Internet message boards. Curshen allegedly failed to disclose that he was being paid to tout Freedom Golf, and also did not inform his audience that he was selling Freedom Golf at the same time he was urging others to buy the stock. The Complaint also alleges Curshen made statements about Freedom Golf's profitability and success that he knew or was reckless in not knowing were false and misleading.

As a result, the Complaint alleges Curshen violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5, and Sections 17(a) and (b) of the Securities Act of 1933 ("Securities Act"). The Complaint seeks a permanent injunction, a penny stock bar, disgorgement and a civil penalty against Curshen.

Curshen denies the Commission's claims against him. He has been a consultant to a business known as Red Sea Management, a Costa Rican company that operates out of Costa Rica, since 1998. He states he did not participate in any schemes to artificially inflate the price of the common stock of Freedom Golf, and that neither he nor any entities in which he had an ownership or beneficial interest were paid by Miles to promote Freedom Golf. Curshen further states he did not "tout" Freedom Golf stock to the brokerage community or to investors, and did not receive any compensation for touting Freedom Golf stock. He also denies selling Freedom

Golf stock into the market, or knowingly or recklessly making any false statements about Freedom Golf's profitability.

According to Curshen, Red Sea Management did have a client in 1999 and 2000 who established a brokerage account at Union Securities under the name of Triparoo, S.A. through the firm. This client agreed to promote Freedom Golf in exchange for 125,000 shares of stock in the company and asked Mr. Curshen to participate in telephone conferences with Miles and others to discuss the company and make arrangements for payment. All the transactions in the Triparoo account were conducted at the direction of the client and all proceeds other than contracted service fees and expenses were wired out of the Triparoo account to bank accounts controlled by the client.

The Commission brought this action pursuant to the enforcement authority conferred upon it by Sections 20(b) and 20(e) of the Securities Act [15 U.S.C. §§ 77t(b) and 77t(e)] and Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(e)] for injunctive relief, disgorgement of unlawful gains and other equitable relief. This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act [15 U.S.C § 77v] and Sections 21 and 27 of the Exchange Act [15 U.S.C. §§ 78u and 78aa].

## II. Assistance Required

Both the Commission and Curshen wish to examine Trevor Koenig and Joe Fernando, Canadian citizens who reside in Vancouver, British Columbia. Both were employees of Union Securities in 1999 and 2000 and either supervised or handled transactions in the Triparoo brokerage account at Union Securities. Thus, it is expected they will have information relevant to who had authority over and conducted transactions in the Triparoo account.

This Court has jurisdiction under the Federal Rules of Civil Procedure to order discovery, including depositions of witnesses within the United States upon oral examination regarding any matter that is relevant to the subject matter of the pending action. The evidence sought from the witness is not only relevant to discovery in this case, but is necessary for the trial of this case and may be so used by the parties because it is not otherwise obtainable by this Court at trial through its compulsory process. The evidence sought in British Columbia through this request is necessary in order for this Court to do justice in this case. Therefore, this Court respectfully requests that, in the interest of justice, the British Columbia Superior Court issue appropriate orders, subpoenas or other compulsory process necessary to compel Koenig and Fernando to attend an oral deposition.

The Courts of the United States are authorized by statute, Section 1696, Title 28, United States Code, to extend similar assistance to the Courts of Canada in like cases.

### III. The Witnesses

1. Trevor Koenig
13226 – 25th Avenue
Surrey, British Columbia
V4P 1Y6
(604) 536-6283

2. Joe Fernando
(604) 628-2299

The parties wish to question Koenig and Fernando regarding their knowledge of who had authority over, conducted transactions in, and were the beneficiaries of, the Triparoo brokerage account at Union Securities. The parties also wish to question the two witnesses regarding their communications with representatives of the Triparoo account and/or Curshen.

4

The Court further requests that Robert K. Levenson, counsel for the Commission, and John Henry Schlie, counsel for Curshen, be allowed to conduct the oral examination of Fernando and Koenig, and that local British Columbia counsel for the Commission be allowed to be present and, if necessary, ask questions.

**DONE AND ORDERED** in Chambers in Denver, Colorado, this 8th day of February 2006.

S/ PATRICIA A COAN
~~THE HON. WALKER MILLER~~
UNITED STATES ~~DISTRICT JUDGE~~
Magistrate Judge

~~Copies to all Counsel of Record~~

5