IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 03-cv-00636-WDM-KLM

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

C. JONES & COMPANY,
CARTER ALLEN JONES,
TIMOTHY J. MILES,
GAYLEN P. JOHNSON AND
JONATHAN CURSHEN,

    Defendants
_____

EVIDENTIARY RULINGS CONCERNING THE DEFENDANT JONATHAN CURSHEN
_____

The claims in this proceeding against the Defendant Jonathan Curshen ("Defendant") or ("Curshen") were separately tried to me on April 30 and May 1, 2007. Both during trial and in pretrial filings (see document no. 220), Defendant objected to the use of part or all of some of the Plaintiff Securities and Exchange Commission's ("SEC") or ("Commission") designation of deposition testimony to be used at trial.

Defendant objects to the use of any of the deposition of co-defendant Timothy J. Miles ("Miles") because Defendant was neither present nor represented by counsel at the taking of the deposition. As a consequence, Defendant argues that Plaintiff cannot meet the pre-conditions prescribed in Fed. R. Civ. P. 32(a)(1)(A) for the use of depositions which requires that "the party was present or represented at the taking of

the deposition or had reasonable notice of it." The SEC argues in response that the evidence is otherwise admissible under § 804(b)(1) of the Federal Rules of Evidence as a hearsay exception for former testimony of an unavailable witness who, at the time of his deposition, had the opportunity and similar motive to develop his testimony as the Defendant in this case.

I agree with the SEC that the provisions of Fed. R. Civ. P. 32(a)(1) are not dispositive. It is a permissive rule which allows the use of deposition testimony upon the three stated conditions. It does not operate as a bar to other sworn testimony, by deposition or otherwise, which may be admissible under Fed. R. Evid. 804(b)(1) as a hearsay exception. *See Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 962-3 (10th Cir. 1993). Accordingly, the issue becomes whether Miles' deposition testimony can be qualified under Rule 804(b)(1) which provides:

> (b) Hearsay exceptions. –The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> > (1) Former testimony.–Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

It is undisputed that Miles was out of this country and unavailable as a witness. In addition, his deposition was taken in this same proceeding and he was represented by counsel with full opportunity to develop testimony by examination. Two issues, whether Miles is a "predecessor in interest" and whether he had the "similar motive to develop the testimony," remain.

2

Commentators note that the cases do not interpret "predecessor in interest" narrowly to require privity or shared property interest. *See Weinstein's Evidence Manual*, § 17.02 [4] (2007). *See Lloyd v. American Export Lines, Inc.,* 580 F.2d 1179, 1187 (3d Cir. 1978) (an action by one crew member against a ship owner for injuries sustained in a fight with another crew member, testimony given by that other crew member at Coast Guard hearing about the fight was admissible because the Coast Guard had a "like motive to develop testimony about the same material facts" and is, therefore, a "predecessor in interest"); *see also Clay v. Johns-Manville Sales Corp.,* 722 F.2d 1289, 1294-1295 (6th Cir. 1983) (expert testimony in prior asbestos litigation admissible in later asbestos case because defendants had similar motive to confront the witness). However, in *New England Mutual Life Insurance Company v. Anderson,* 888 F.2d 646 (10th Cir. 1989), the Tenth Circuit held that the testimony of an unavailable witness at an alleged co-conspirator's prior trial was not a "predecessor in interest," concluding the co-conspirator's counsel did not have the same motivation to clear the other Defendant. *Id.* at 652.

Applying those principles here, there exists significant community of interest among the parties. The Defendant and Miles are co-defendants facing similar claims made by the same plaintiff. Certainly, Plaintiff had a motive similar to Defendant to develop the record concerning the merger of Auric Enterprises, Inc. ("Auric") and Freedom Golf and the promotional activity related to the sale of its stock. Likewise, Miles, as a Defendant represented by counsel and facing the same claims, had a similar motive to develop the record, particularly with regard to the alleged misrepresentations

3

and stock trading. Under these circumstances, and taking a lead from the *Lloyd* case with its reminder of the ultimate purpose of the fact-finding process, I conclude that the Plaintiff has demonstrated that Miles may be considered a "predecessor in interest" who had sufficient "opportunity and similar motive" to develop his testimony in his deposition. Accordingly, Defendant's objection is overruled.[1]

Turning then to the specific objections to the Miles testimony found in the parties' Joint Trial Preparation Conference Submission (doc. no. 220), Defendant's objections are limited to relevance under Rule 402 and hearsay under Rule 802. I overrule the relevance objections as they address the background testimony provided by Miles concerning the events leading to the trading of Auric and Freedom Golf stock, the merger of the two companies, Miles' efforts to promote Freedom Golf stock and Miles' retention of the Defendant as a promoter of the stock, all of which is relevant to the claims against Defendant. Accordingly, the relevance objection and the hearsay objection (the answer was not hearsay) are overruled.

The Defendant's objection to the designation of the Defendant's deposition is sustained as the Defendant testified at trial.

---

[1]Further, as suggested by *Weinstein*, the evidence is also admissible under the residual exception of Rule 807. *See Weinstein's Evidence Manual* § 17.02 [4]. Much of the testimony of Miles is offered as evidence of a material fact and, given Miles' unavailability and the Defendant's poor recollection the prior testimony it is more probative on the points at issue than that which the Plaintiff can present with reasonable effort at this time. The interest of justice is best served by admitting this sworn testimony under these circumstances. Finally, there is no question that Defendant was given sufficient notice of the intent of the SEC to offer this evidence. Accordingly, the evidence should be admitted under the residual exception of Fed. R. Evid. 807.

With regard to all of the remaining objections[2] set forth in the Joint Trial Preparation Conference Submission (doc. no. 220), I rule as follows:

1. <u>Carter Allen Jones Deposition</u>

| <u>Testimony</u> | <u>Objections</u> | <u>Ruling</u> |
|---|---|---|
| Page 8, line 21 through Page 9, line 14 | Rule 402 | sustain |
| Page 9, line 24 through Page 10, line 8 | Rule 402 | overrule |
| Page 19, lines 7-15 | Rule 402 | overrule |
| Page 22, lines 5-7 | Rule 402 | sustain |
| Page 26, line 5 through Page 32, line 20 | Rule 402, Rule 802 | sustain as to Line 5, page 26 until line 19, page 28, overrule as to balance |
| Page 34, line 22 through Page 36, line 1 | Rule 402 | overrule |
| Page 37, line 6 through Page 47, line 14 | Rule 402, 403 through Page 47, line 10 | overrule |
| Page 47, line 19 through Page 48, line 10 | Rule 802, 602 | overrule |
| Page 48, line 23 through Page 51, line 7 | Rule 802 | overrule |
| Page 51, line 12 through Page 56, line 10 | Rule 802, 402, 403 | sustain |
| Page 56, lines 22-25 | Rule 402, 403 | sustain |

---

[2] All objections are by Defendant except for those with an asterisk which are by Plaintiff.

2. <u>Joe Fernando Deposition</u>

| <u>Testimony</u> | <u>Objections</u> | <u>Ruling</u> |
|---|---|---|
| Page 3, line 24 through Page 4, line 2 | Rule 402 | sustain |
| Page 4, lines 22-25 | Rule 402 | sustain |
| Page 26, line 22 through Page 27, line 6 | Rule 602, 402, 403 | overrule |
| Page 56, lines 1-10 and lines 16-24 | Rule 802 as to lines 18-19 | sustain |

3. <u>Jose Pablo Jimenez Deposition</u>

| <u>Testimony</u> | <u>Objections</u> | <u>Ruling</u> |
|---|---|---|
| Page 19, line 22 through Page 21, line 24 | Rule 402, 403 and 802 as to Page 21, lines 17-23 | sustain |
| Page 22, line 9 through Page 24, line 17 | Rule 402, 403 | sustain as to line 18, Page 22 through line 22, Page 23 otherwise overrule |
| Page 25, lines 16-25 | Rule 402, 403 | overrule |
| Page 26, lines 7-17 | Rule 402, 403 | overrule |
| Page 27, line 1 through Page 29, line 19 | Rule 402, 403 | overrule |
| Page 29, line 25 through Page 30, line 9 | Rule 402, 403 | overrule |
| Page 32, line 4 through Page 33, line 18 | Rule 402, 403 | sustain as to line 4, Page 32 through line 5, Page 33, otherwise overrule |

| Page 41, line 13 through Page 48, line 8 | Rule 602 and 403 as to Page 43 lines 5-15 and Page 44 lines 15-24; Rule 402 and 403 as to Page 46 line 22 to Page 47 line 1 | sustain |
|---|---|---|
| Page 48, line 23 through Page 49, line 11 | Rule 403 | overrule |
| Page 49, line 19 through Page 54, line 8 | Rule 402 and 403, as to Page 49 line 19 to Page 50 line 12 | overrule |
| Page 51 line 12 to Page 52 line 19 | Rule 602, 402 and 403 | sustain |
| Page 77 line 6 through Page 78 line 9* (only if objection to page 51 line 12 to Page 12 line 19 is overruled) | 78 lines 4-9, asked and answered; 78 lines 7-9, argumentative | overrule |
| Page 78 lines 12-24* | relevance | overrule |

4. <u>Orville Baldridge Deposition</u>

       <u>Testimony</u>           <u>Objections</u>           <u>Ruling</u>

| Page 9, lines 8-21 | Rule 402, 403 | sustain |
|---|---|---|
| Page 10, line 9 through Page 11, line 7 | Rule 402, 403 | overrule |
| Page 21, lines 5-24 | Rule 402, 403 | sustain |
| Page 22, line 19 through 23, line 6 | Rule 402, 403 | sustain |
| Page 23, line 20 through Page 25, line 24 | Rule 402, 403 through Page 25, line 5 | sustain |
| Page 30, line 24 through Page 31, line 5 | Rule 402, 403 as to Page 31, lines 2-5 | sustain |

*Commission objections

| Page 31, lines 13-16 | Rule 402, 403 | sustain |
| Page 32, line 20 through Page 33, line 23 | Rule 402, 403 | sustain |
| Page 34, lines 11-20 | Rule 402, 403 | sustain |
| Page 35, lines 3-14 | Rule 402, 403 | sustain |
| Page 35, line 20 through Page 47, line 22 | Rule 402, 403 through Page 41, line 7 | sustain |

5. <u>Trevor Koenig Deposition</u>

| <u>Testimony</u> | <u>Objections</u> | <u>Ruling</u> |
|---|---|---|
| Page 6, line 18 through Page 7, line 2 | Rule 402 | sustain |
| Page 12, lines 19-22 | Rule 402, 403 | overrule |
| Page 16, lines 6-18 | Rule 402 | sustain |

6. <u>Lucia Shum Deposition</u>

| <u>Testimony</u> | <u>Objections</u> | <u>Ruling</u> |
|---|---|---|
| Page 65, line 19-Page 74, line 23* | relevance | overrule |
| Page 86, line 8-Page 94, line 22* | relevance | overrule |

*Commission objections

7. <u>David Ricci Deposition</u>

| Testimony | Objections | Ruling |
| --- | --- | --- |
| Page 11, line 23-Page 14, line 25* | relevance | overrule |
| Page 33, line 20-page 35, line 1* | relevance | overrule |
| Page 38, line 18-Page 39, line 6* | relevance | overrule |
| Page 50, line 5-Page 51, line 12* | relevance to all hearsay as to 50 1.16 to 51 1.9 | sustain |
| Page 53, line 8-Page 55, line 11 Page 64 | relevance | sustain |

DATED at Denver, Colorado, on February 20, 2009.

BY THE COURT:


s/ Walker D. Miller
United States District Judge

*Commission objections