IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 03-cv-00636-WDM-KLM

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

C. JONES & COMPANY,
CARTER ALLEN JONES,
TIMOTHY J. MILES,
GAYLEN P. JOHNSON and
JONATHAN CURSHEN,

    Defendants.

_____

**ORDER RE: PRE-JUDGMENT INTEREST AND CIVIL PENALTY**
_____

    In accordance with my March 3, 2009 order (Doc. No. 254), Plaintiff seeks recovery of $50,718.48 pre-judgment interest and the imposition of a $110,000 "third-tier" civil penalty against Defendant Curshen. Defendant opposes such a penalty, arguing that his involvement was minimal as compared to Defendant Jones who was subjected to such a penalty. Defendant does not respond to Plaintiff's request for interest.

    An award of pre-judgment interest is an equitable remedy to take into account the wrong-doer's use of disgorged funds over time. *See SEC v. Hughes Capital Corp.*, 917 F.Supp. 1080, 1090 (D.N.J. 1996), aff'd, 124 F.3d 449 (3d Cir. 1997). Given my disgorgement order (Doc. No. 254) such a remedy is appropriate. As has been

commonly determined, use of the delinquent tax rate established by the Internal Revenue Service Code § 6621(a)(2) assessed on a quarterly basis approximates the benefit Defendant derived from use of money obtained by fraud. *SEC v. First Jersey Sec, Inc.*, 101 F.3d 1450, 1476 (2nd Cir. 1996). Plaintiff submitted such a calculation as Exhibit 1 to its motion yielding $50,718.48 in prejudgment interest for a period through February 28, 2009, shortly before the judgment date of March 6, 2009 (Doc. No. 255). That amount should be awarded *nunc pro tunc* the judgment date.

Turning to the civil penalty issue, the Securities Act and the Exchange Act provide for the same three-tier penalties. *See* 15 U.S.C. § 77t(d)(2). The statutory maximum of the first tier is $5,000 or the gross amount of pecuniary gain for a natural person. The amount increases to $50,000 at the second tier and $100,000 at the third tier. Those amounts are increased for inflation to $5,500, $55,000 and $110,000 pursuant to legislation. Given my findings in my March 3, 2009 order, Defendant Curshen's conduct qualifies for a second-tier penalty because of his fraud, deceit, manipulation or reckless disregard of regulatory requirements. To qualify for a third-tier penalty it would be necessary to show that his actions directly or indirectly created a significant risk of loss to other persons. 15 U.S.C. § 77t(d)(2)(C)(II). One might infer such losses but no concrete evidence was presented. Additionally, I agree with Defendant that imposition at that level would be inequitable when one compares Defendant Curshen's conduct to that of Defendant Jones. Jones was subjected to a $110,000 penalty and his conduct was much more wide-ranging and egregious. In these circumstances, there should be disparate penalties necessitating a second-tier

penalty imposed against Defendant Curshen. Remembering, however, that the second tier is the greater of $55,000 or the pecuniary gain of Defendant (15 U.S.C. § 77t(d)(2)(B)(ii)), the appropriate penalty should be an amount equal to the $66,235 disgorgement judgment against the Defendant.

Accordingly, it is ordered:

1. Judgment shall enter against Defendant Curshen for pre-judgment interest of $50,718.48, and a civil penalty of $66,235.

2. This judgment shall be *nunc pro tunc* to March 6, 2009.

DATED at Denver, Colorado, on March 11, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge